UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE P. BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 20-00739-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On January 24, 2020, Rochelle P. Brown ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on May 11, 2020. (Dkt. 14.) On July 20, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 46 year-old female who applied for Social Security Disability Insurance benefits on March 2, 2016, and Supplemental Security Income benefits on March 9, 2016, alleging disability beginning August 26, 2015. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 26, 2015, the alleged onset date. (AR 17.)

Plaintiff's claims were denied initially on August 5, 2016, and on reconsideration on October 17, 2016. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on October 17, 2018, in Orange, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on November 23, 2018. (AR 15-26.) The Appeals Council denied review on November 26, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered the testimony of Brown.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 26, 2015, the alleged onset date. (AR 17-18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: hemolytic anemias and multilevel cervical disc bulges. (AR 18-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) with the following limitations:

> Claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; she can stand, walk or sit six hours out of an eight-hour workday each; she can frequently climb ramps and stairs, ladders, ropes, and scaffolds; and she can frequently balance, stoop, kneel, crouch, and crawl.

(AR 20-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 22.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of waxer-floor, transporter-patients, and dining room attendant. (AR 25-26.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

Plaintiff asserts that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees. The ALJ properly discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### A.    Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

Plaintiff claims she is unable to work due to bipolar disorder, severe depression, iron deficiency, herniated disc, and paranoid schizophrenia. (AR 21.) The ALJ did find that Plaintiff has the medically determinable severe impairments of hemolytic anemias and multilevel cervical disc bulges. (AR 18.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range medium work RFC. (AR 20.) Consequently, the ALJ found that Plaintiff can perform jobs in the national economy (AR 25-26) and thus was not disabled. (AR 26.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 22.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence in the record. (AR 22.) Because the ALJ did not make any finding of malingering,

she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

### 1. The Medical Evidence

The ALJ found that Plaintiff's subjective allegations were inconsistent with the objective medical evidence. (AR 22, 24.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found that Plaintiff had "many normal and mild physical exam findings, including HEENT, cardiovascular, respiratory, musculoskeletal and neurological, and psychiatric." (AR 24.)

As to Plaintiff's alleged physical impairments, the ALJ found that her alleged knee and shoulder arthritis are not medically determinable because there is no evidence in the record to support them. (AR 18.) An X-ray of the knee shows effusion but no degenerative changes. (AR 18.) An MRI of the right knee was unremarkable. (AR 18.) The ALJ, moreover, found that the medical evidence overall shows "many normal and mild physical clinical exam findings, including HEENT, cardiovascular, respiratory, musculosketal and neurological." (AR 22.) These findings are exhaustively documented. (AR 22.) Plaintiff does have a history of iron deficiency hemolytic anemias due to heavy menses. (AR 18, 22.) This condition, however, caused only minimal physical dysfunction. In 2015, she complained of fatigue and extremity pain, but her physical examination results were normal. (AR 407.) Repeatedly, she had normal physical examination results despite feeling tired. (AR 424, 375, 382, 385, 420, 367, 418.) In May 2016, Plaintiff underwent a hysteroscopy ablation procedure. (AR 468.) Plaintiff then underwent a hysterectomy in March 2017. (AR 584-586.) In April 2017, her iron levels were stable and she reported increased energy levels. (AR 61, 63.) The record does not document any anemia-related complaints after July 2017. Thus, Plaintiff was responsive to treatment. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling). In 2016, two

DDS medical consultants, Dr. Berry and Dr. Scott, reviewed Plaintiff's medical records. Dr. Scott found that Plaintiff was capable of a reduced range of medium work. (AR 22, 23, 89-90, 100-101, 114.) Plaintiff does not challenge the findings of Dr. Berry or Dr. Scott or the medical evidence presented by the ALJ.

As to Plaintiff's alleged mental limitations, the ALJ found none to mild limitations in mental functioning. (AR 18.) The ALJ also found many normal Mental Status Examination findings, with no evidence of extended hospitalizations, a structural environment, or an assisted care arrangement. (AR 19.) The independent psychiatric consulting examiner Dr. Reynaldo Abejuela and DDS consultants opined that Plaintiff's mental condition is nonsevere. (AR 19.) Plaintiff does not challenge these medical findings. The ALJ found that Plaintiff's mental impairments are nonsevere.

The ALJ properly considered the medical evidence, which does not support Plaintiff's claim of disability.

### 2. Inconsistent Daily Activities

The ALJ also found that Plaintiff's activities of daily living were inconsistent with her subjective symptom allegations (AR 19), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ found that Plaintiff lives in an apartment alone, independently. (AR 19.) She has no problems with personal care, does chores, cleans, prepare meals, travels by public transportation, shops in stores, and is able to handle finances and money. (AR 19.) She does not need reminders to take care of personal needs. (AR 19.) The ALJ also noted that Plaintiff's demeanor and testimony at the hearing undermined her allegations of mental dysfunction. (AR 20.) Plaintiff contends that her inconsistent daily activities and behavior do not mean she can work a full-time job, but these activities do prove that her alleged symptoms are not as severe as alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

\* \* \*

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 11, 2020                          /s/ John E. McDermott
                                                                  JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE